ANDREW C. PALMER (SBN 317897)
andrew@adibiip.com
AMIR V. ADIBI (SBN 290571)
amir@adibiip.com
ADIBI IP GROUP, PC
155 Montgomery Street, Suite 1010
San Francisco, California 94104
Tel: (415) 851-2566
Fax: (415) 873-2284

Attorneys for Plaintiff
LITTLE FRENCH BAKERY LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LITTLE FRENCH BAKERY LLC, a California limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> THE LITTLE CAKE LLC, a California limited liability company; MONICA L. GONCALVES, an individual; and DOES 1-10, <br><br> Defendants. | Case No. _____ <br><br> **COMPLAINT FOR:** <br><br> **1. False Designation of Origin / Unfair Competition (15 U.S.C. § 1125(a))** <br><br> **2. California Statutory Trademark Infringement (Cal. Bus. & Prof. Code § 14245)** <br><br> **3. Trademark Infringement and Unfair Competition (common law)** <br><br> **4. Unfair Competition (Cal. Bus. & Prof. Code § 17200)** <br><br> **DEMAND FOR JURY TRIAL** |

LITTLE FRENCH BAKERY LLC through its undersigned counsel, alleges as follows:

## JURISDICTION AND VENUE

### Jurisdiction

1.      This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 15 U.S.C. § 1121.

2.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to Plaintiff's federal claims that they form part of the same case or controversy.

3.      This Court has personal jurisdiction over THE LITTLE CAKE LLC because it is a California limited liability company that operates a bakery business within this District and has purposefully directed marketing and sales of bakery and café retail services to consumers in this District.  The challenged conduct has occurred in this District and is directed to consumers in Los Angeles County, where Plaintiff operates and where the parties compete, causing harm to Plaintiff in this District.

4.      This Court also has personal jurisdiction over Goncalves because, upon information and belief, she resides in California and owns, manages, and/or controls THE LITTLE CAKE LLC, and she personally participated in and directed the challenged conduct aimed at consumers in this District.  Goncalves' acts and omissions have caused harm to Plaintiff in this District.

### Venue

5.      Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendants reside in this District, Defendants are subject to personal jurisdiction in this District, and/or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District, including Defendants' use of the challenged branding in Commerce, California and the resulting consumer confusion and harm.

## NATURE OF THE ACTION

6.      This is an action for false designation of origin and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); California statutory trademark infringement under Cal. Bus. & Prof. Code § 14245; California common law trademark

infringement and unfair competition; and unfair competition under Cal. Bus. & Prof. Code § 17200.  This action arises from Defendants' use in commerce of confusingly similar "Little"-formative branding and marketing in connection with bakery and café retail services, which has caused actual confusion and is likely to continue causing confusion as to source, affiliation, sponsorship, or approval, thereby harming Plaintiff's goodwill.  Defendants' conduct threatens to divert customers, impair Plaintiff's reputation, and erode the distinctiveness of Plaintiff's marks.  Plaintiff seeks injunctive relief, corrective advertising, and monetary relief to prevent further consumer deception and ongoing damage to Plaintiff's brand.

### Parties

7.     Plaintiff LITTLE FRENCH BAKERY LLC ("Plaintiff" or "Little French Bakery") is a California limited liability company with its principal place of business at 1820 S. Catalina Ave., Suite 103, Redondo Beach, California 90277.  Plaintiff also operates an additional bakery location at 3319 Highland Ave., Manhattan Beach, California 90266.

8.     Plaintiff owns and uses the LITTLE FRENCH BAKERY name and related branding (the "Little French Bakery Marks") in connection with bakery goods and retail bakery services, and promotes those goods and services through online and social media channels accessible to consumers in California and elsewhere.

9.     Plaintiff is informed and believes, and on that basis alleges, that Defendant THE LITTLE CAKE LLC is a California limited liability company that does business as "The Little Cake" and/or "The Little Cake Bakery & Café," with a principal place of business at 7098 E. Gage Ave., Commerce, California 90040, and operates a retail bakery at that address.

10.     Plaintiff is informed and believes, and on that basis alleges, that Defendant MONICA L. GONCALVES ("Goncalves") is an individual who owns, manages, and/or controls THE LITTLE CAKE LLC.  Upon information and belief, Goncalves is a manager and/or member of THE LITTLE CAKE LLC and the Agent for Service of Process for the entity. Goncalves personally participated in, directed, controlled, authorized, and/or ratified the acts complained of herein, including the adoption, use, and continued post-notice use of the Accused Marks.

11.     Plaintiff is informed and believes, and on that basis alleges, that Defendants sued as DOES 1 through 10 are individuals and/or entities responsible in some manner for the conduct alleged herein.  Plaintiff is presently unaware of their true names and capacities and will amend this Complaint to allege them when ascertained.

12.     Plaintiff is informed and believes, and on that basis alleges, that each Doe Defendant owned, managed, controlled, operated, directed, and/or participated in the conduct complained of herein, including by authorizing, directing, participating in, or ratifying Defendants' use of the Accused Marks.  Each Doe Defendant acted in concert with the other Defendants and within the course and scope of such relationship.

## **GENERAL ALLEGATIONS**

### **Plaintiff's Trademarks, Business, and Goodwill**

13.     Since at least 2021, Plaintiff has operated a chef-driven bakery business under



LITTLE FRENCH BAKERY and                              (the "Little French Bakery Marks").

14.     Through continuous use of the Little French Bakery Marks in connection with bakery and café services, Plaintiff has developed substantial goodwill and consumer recognition in the Los Angeles County market.

15.     Plaintiff promotes and markets its goods and services through multiple channels, including its website (littlefrenchbakeryla.com), Instagram (@littlefrench.bakery), Facebook, Google Business listings, and Yelp, which consumers use to locate and evaluate bakery services.

16.     Plaintiff's long-standing use and goodwill are reflected in customer reviews and public-facing materials.  For example, on January 21, 2026, a Yelp Elite reviewer posted a detailed review of Plaintiff's Redondo Beach location, describing Plaintiff as a "little gem" and noting, among other things, Plaintiff's "impressive" variety of savory pastries (including "mushrooms").  *See* **Figures 1-2**.

‹ **Larry's review**

**Larry L.**  Elite '26
📷 14  ⭐ 138  👍 223      ⋯

⭐⭐⭐⭐☆  Jan 21

To quote another reviewer, the Little French Bakery is truly a "little gem." (Mark C.)  With an unassuming storefront, the Little French Bakery is easy to miss.  It is tucked into a corner next to Coffee Cartel in Redondo Beach's Riviera Village.  The store itself is small, with only a deli display case and order counter.  There is no indoor seating, and the outdoor seating is limited to a few small tables which are shared with the Coffee Cartel.

Food:  The Little French Bakery serves sandwiches, as well as savory and sweet pastries which are shown in the display case.  I ordered two sandwiches, the French and the Smoked Salmon.  Both sandwiches were served on half of a French baguette (about 18 inches long).  This was the best part of both sandwiches ... the baguette was perfectly crusty ... SO SATISFYING.  The French included ham, Gruyere cheese, cornichons, lettuce, and herb butter.  The Smoke Salmon included smoked salmon, avocado, cream cheese, and arugula.  I enjoyed both sandwiches very much.  They weren't fancy, but they were nonetheless tasty.  I probably preferred the French slightly, because the ingredients all worked well together.  The cream cheese in the Smoked Salmon could have been spread a little lighter ... I kept thinking it would have worked better with a denser bagel.  I didn't have any of the pastries, but they all looked delicious ... the variety of savory pastries is impressive (e.g., Andouille sausages, mushrooms, etc.).

**Figure 1 - Yelp review for Plaintiff (Larry L., Jan. 21, 2026) (screenshot).**

‹ **Larry's review**

Food:  The Little French Bakery serves sandwiches, as well as savory and sweet pastries which are shown in the display case.  I ordered two sandwiches, the French and the Smoked Salmon.  Both sandwiches were served on half of a French baguette (about 18 inches long).  This was the best part of both sandwiches ... the baguette was perfectly crusty ... SO SATISFYING.  The French included ham, Gruyere cheese, cornichons, lettuce, and herb butter.  The Smoke Salmon included smoked salmon, avocado, cream cheese, and arugula.  I enjoyed both sandwiches very much.  They weren't fancy, but they were nonetheless tasty.  I probably preferred the French slightly, because the ingredients all worked well together.  The cream cheese in the Smoked Salmon could have been spread a little lighter ... I kept thinking it would have worked better with a denser bagel.  I didn't have any of the pastries, but they all looked delicious ... the variety of savory pastries is impressive (e.g., Andouille sausages, mushrooms, etc.).

Bottom Line:  The Little French Bakery is a "little gem." The baguette sandwiches were super satisfying.  I am going back to try another as well as some of the pastries.



Thank　Comment　Direct message

**Figure 2 - Excerpt from Yelp review for Plaintiff (Larry L., Jan. 21, 2026) referencing Plaintiff's savory pastries (screenshot).**

17.　Plaintiff owns two California trademark registrations for its branding, including:

a.　California Trademark Registration No. 02051162 for Little French Bakery, covering Bakery services; café services; restaurant services featuring French pastries, cakes, tarts, baguette sandwiches, and baked goods; take-out restaurant services; catering services; Bakery services, namely, the manufacture of bakery products to order and/or specification of others; and

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

b.  California Trademark Registration No. 02051163 for Little French Bakery &



Design                          , covering Bakery services; café services; restaurant services featuring French pastries, cakes, tarts, baguette sandwiches, and baked goods; take-out restaurant services; catering services; Bakery services, namely, the manufacture of bakery products to order and/or specification of others.

18.    The Little French Bakery Marks have acquired distinctiveness and secondary meaning through continuous, substantially exclusive use, sales, marketing, and consumer recognition in Los Angeles County.

19.    Plaintiff's rights arise from the overall commercial impression of the Little French Bakery Marks and the goodwill associated with Plaintiff's use of those marks.  Plaintiff does not claim exclusive rights in generic or merely descriptive terms standing alone, apart from the marks' overall commercial impression.

**Use in Commerce / Consumer Reach**

20.    Plaintiff promotes its goods and services through internet and social media channels accessible to consumers inside and outside California, and Plaintiff has received inquiries and business from customers located both within and outside California.  Plaintiff's use of the Little French Bakery Marks in connection with these activities constitutes use in commerce and affects interstate commerce.

21.    For example, Plaintiff has received out-of-state inquiries seeking to purchase gift cards and/or otherwise transact with Plaintiff, including inquiries from customers located in Georgia and Maryland.

22.    Plaintiff's ordering and point-of-sale records further reflect transactions and customer contact information consistent with out-of-state consumers and travel-related purchases, including orders or inquiries associated with out-of-state addresses and/or telephone numbers.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

23.     Plaintiff's online presence is used by consumers to locate Plaintiff's retail locations, place orders, and communicate with Plaintiff regarding products and services.

### Defendants' Adoption and Use of Confusingly Similar Branding

24.     Plaintiff is informed and believes, and on that basis alleges, that in or around October 2025, Defendants adopted and began using "The Little Cake" and/or "The Little Cake Bakery & Café" branding (the "Accused Marks") in connection with retail bakery and café services offered to consumers in Commerce, California and the surrounding Los Angeles County market.

25.     Defendants market and promote bakery and café services under the Accused Marks through online channels, including Instagram and other social media, Google Business listings, and consumer review platforms (e.g. Yelp), thereby reaching consumers in this District and beyond.  Upon information and belief, Defendants use the names "The Little Cake" and "The Little Cake Bakery & Café," and related social media handles including @thelittlecake.la, to identify and promote their services.

26.     Defendants' use of the Accused Marks and related "Little"-formative branding in connection with bakery and café services is likely to cause confusion, and has caused confusion, as to whether Defendants are affiliated with, associated with, sponsored by, approved by, or otherwise connected to Plaintiff.

27.     For example, on October 16, 2025, Plaintiff published an Instagram post from @littlefrench.bakery featuring and promoting its baked goods (a "Chocolate Marshmallow Croissant").  *See* **Figure 3.**

1



**Figure 3 - Plaintiff's Instagram post, dated October 16, 2025 (@littlefrench.bakery) promoting Plaintiff's baked goods ("Chocolate Marshmallow Croissant").**

28.    On October 20, 2025, Defendants published an Instagram post from @thelittlecake.la promoting bakery offerings in advance of opening, featuring a croissant photographed in a similar handheld presentation.  *See* **Figure 4.**

**Figure 4 - Instagram post, dated October 20, 2025 (@thelittlecake.la) promoting Defendant's bakery offerings in advance of opening, featuring croissant-style pastry.**

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

29.    On November 8, 2025, Plaintiff published an Instagram post from @littlefrench.bakery promoting a "Brownie Croissant," as a chef creation.  *See* **Figure 5**.



**Figure 5 - Plaintiff's Instagram post, dated November 8, 2025 (@littlefrench.bakery) announcing a "Brownie Croissant," described as "a chef creation."**

30.    The next day, on November 9, 2025, Defendants published an Instagram post from @thelittlecake.la promoting a layered chocolate croissant-style pastry, emphasizing "layers upon layers," and photographed in a similar handheld presentation and angle.  *See* **Figure 6.**



**Figure 6 - Instagram post, dated November 9, 2025 (@thelittlecake.la) featuring a croissant-style pastry and stating, "Layers upon layers," in a similar handheld presentation.**

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

31.     Plaintiff alleges that Defendants' adoption and promotion of the Accused Marks and related "Little"-formative branding in the same market and for the same services contributes to consumer confusion regarding source, affiliation, sponsorship, or approval.

**Actual Consumer Confusion**

32.     Since Defendants opened and began using the challenged branding, Plaintiff has experienced and documented actual consumer confusion, including the following incidents:

    a.   October 21, 2025 (in-store): A customer visited Plaintiff's location and asked whether Plaintiff had opened another "Little French Bakery" location in Commerce, California. Plaintiff explained it had not.

    b.   December 24, 2025 (telephone): A caller asked whether Plaintiff was associated with, or the same business as, the "Little" bakery located in Commerce, California.

    c.   January 7, 2026 (vendor/distributor): During a regular delivery, a driver from Plaintiff's longstanding distributor referenced another "Little" bakery in Commerce and stated that the items and overall setup appeared very similar.

33.     These incidents reflect confusion among actual and prospective consumers and a channel participant regarding the source of Defendants' services and/or affiliation, sponsorship, or approval, and have harmed, and unless enjoined will continue to harm, Plaintiff's goodwill.

**Notice, Refusal to Rebrand, and USPTO Filing**

34.     On November 24, 2025, Plaintiff provided direct notice to Defendants via social media message that Defendants' use of "The Little Cake" for bakery services was causing confusion with Plaintiff's Little French Bakery Marks.

35.     On December 8, 2025, Plaintiff, through counsel, sent THE LITTLE CAKE LLC a cease-and-desist letter providing formal notice of Plaintiff's rights and demanding that THE LITTLE CAKE LLC cease use of the challenged branding and adopt a non-confusing rebrand.

36.     On January 2, 2026, Plaintiff, through counsel, sent a written follow-up requesting concrete steps toward resolution.

37.     On January 8, 2026, THE LITTLE CAKE LLC, through counsel, refused to rebrand and indicated that THE LITTLE CAKE LLC would continue using the challenged branding.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

38.    Plaintiff is informed and believes, and on that basis alleges, that on December 22, 2025, THE LITTLE CAKE LLC filed a federal trademark application seeking registration for THE LITTLE CAKE BAKERY & CAFE (Serial No. 99561136) for bakery-related services, further indicating Defendants' intent to continue and expand their challenged use.

39.    Defendants' continued use and pursuit of federal registration after receiving notice, coupled with their refusal to rebrand, supports a finding of knowing, intentional, and willful infringement.

**Post-Notice Mirroring of Product Identity and Presentation (Intent / Willfulness)**

40.    After receiving notice of Plaintiff's rights and the confusion being caused, Defendants continued using the challenged branding and escalated its promotion of French-themed, chef-driven croissant products and messaging that mirrors Plaintiff's product identity and presentation.

41.    On December 17, 2025, Plaintiff posted content promoting a "croissant Christmas tree," and emphasized "Integrity" through "real butter," "premium fillings," and "no shortcuts," describing its offerings as "Holiday magic, the French way." *See* **Figure 7.**



**Figure 7 - Plaintiff's Instagram post, dated December 17, 2025 (@littlefrench.bakery) promoting a "croissant Christmas tree" and emphasizing "real butter," "premium fillings," and "no shortcuts" ("Holiday magic, the French way").**

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

42.     The next day, on December 18, 2025, Defendants posted content emphasizing butter sourcing from France, "Now using Imported butter from France", and framed that butter quality as integral to "our croissants."  *See* **Figure 8.**



**Figure 8 - Instagram post, dated December 18, 2025 (@thelittlecake.la) emphasizing "Imported butter from France" and linking that butter quality to Defendant's croissants.**

43.     On December 19, 2025, Plaintiff posted content highlighting its chef's craftsmanship and authenticity in preparing holiday offerings.  *See* **Figure 9**.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1
2
3
4
5
6
7
8
9
10
11



12
13

**Figure 9 - Plaintiff's Instagram post, dated December 19, 2025 (@littlefrench.bakery) highlighting the chef's holiday preparations and emphasizing "craftsmanship" and "authenticity."**

14    44.    Shortly thereafter, on December 23, 2025, Defendants posted promotional content

15    presenting trays of croissants and used hashtags including #frenchbakery, #viennoiserie, and

16    #croissant to market their offerings.  *See* **Figure 10**.

17
18
19
20
21
22
23
24
25
26
27

**Figure 10 - Instagram's post, dated December 23, 2025 (@thelittlecake.la) promoting croissant offerings and using hashtags including #frenchbakery, #viennoiserie, and #croissant.**

28

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

45.     In addition to name and branding overlap, Defendants have offered products that closely track Plaintiff's distinctive menu offerings.  By way of example, Plaintiff has long offered Chef Guillaume's original savory laminated pastry described on Plaintiff's menu as a potato, bacon, and mushroom puff pastry.  *See* **Figure 11**.



**Savory Menu**
**Friand and Quiche**

Potato,bacon and mushroom Puff Pastry$9
Tomato Goat Cheese Puff Pastry$9
Ham and Cheese Puff Pastry $8
Merguez ( lamb sausage) Puff Pastry
Turmeric Ground Chicken Puff Pastry$8
Curry Groung Beef Puff Pastry $8
Spinach Goat Cheese Quiche $10
Brie Cheese Onion Puff Pastry $9
Andouille Sausage Puff Pastry $10
Ham and Cheese Quiche $10
Egg ham cheese bechamel Puff Pastry $10
Wild Mushroom Puff Pastry $9



**Figure 11 – Plaintiff's menu listing Plaintiff's potato, bacon, and mushroom puff pastry (screenshot).**

46.     After notice, Defendants promoted a substantially similar savory laminated pastry in the same format and presentation (a laminated rectangular pastry topped with filling and cheese), using an overlapping ingredient set and description, with only minor variations.  *See* **Figure 12**.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16



**Figure 12 - Social media post promoting a similar "Mushroom Bacon" savory laminated pastry (screenshot).**

17

18    47.    While Plaintiff does not claim exclusive rights in any recipe, this product-level

19  imitation is consistent with the overall pattern of trading on Plaintiff's goodwill and reinforces

20  the likelihood of confusion.

21    48.    After receiving Plaintiff's cease-and-desist letter, Defendants did not take steps to

22  mitigate confusion (such as pausing use, adding disclaimers, or modifying branding). Instead,

23  Defendants continued operating the Commerce bakery under the Infringing Mark and continued

24  promoting that location on social media.  In a TikTok post made after notice, Defendants invited

25  the public to "come and try our little bakery, The Little Cake" while listing the Commerce

26  address.  *See* **Figure 13**.  Defendants' continued post-notice promotion of the challenged

27  branding supports a finding of willfulness.

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20



21    **Figure 13 – TikTok post emphasizing Defendants' "little bakery" branding and listing the**
22    **Commerce address (screenshot taken Jan. 22, 2026).**

23    49.    In another example, on or about January 24, 2026, a Yelp reviewer for Defendants'

24    bakery referenced having previously tried a bakery in Redondo Beach and compared that prior

25    experience to Defendants' bakery in Commerce.  Upon information and belief, the referenced

26    Redondo Beach bakery is Plaintiff's Redondo Beach location, and the review reflects direct

27    consumer comparison within the same Southern California market, supporting the likelihood of

28    confusion.  *See* **Figure 14**.



**Figure 14 – Yelp review for Defendants' bakery referencing a prior visit to a bakery in Redondo Beach (screenshot taken Jan. 26, 2026).**

50.    Plaintiff alleges that Defendants' post-notice adoption and repetition of Plaintiff's French-bakery positioning and butter-quality messaging, while continuing use of the Accused Marks, supports a finding that Defendants' acted knowingly and willfully and increases the likelihood of consumer confusion.

**Harm**

51.     Defendants' conduct has harmed and threatens to continue harming Plaintiff by, among other things, diminishing the value of Plaintiff's goodwill, causing loss of control over Plaintiff's reputation and the quality of goods and services associated with Plaintiff's marks, diverting actual and potential customers, and forcing Plaintiff to expend time and resources responding to consumer confusion.

52.     Unless restrained by this Court, Defendants will continue their confusing conduct, and Plaintiff will suffer immediate and irreparable harm for which there is no adequate remedy at law, including ongoing loss of control over Plaintiff's brand identity, reputation, and goodwill, particularly where Defendants continue post-notice promotion using overlapping French-bakery and "real butter" quality messaging.

**FIRST CLAIM FOR RELIEF**

**False Designation of Origin / Unfair Competition (15 U.S.C. § 1125(a))**

53.     Plaintiff realleges and incorporates by reference each and every allegation contained in all preceding paragraphs as though fully set forth herein.

54.     Plaintiff owns valid and protectable rights in the Little French Bakery Marks and the goodwill associated with those marks through use in commerce and consumer recognition.

55.     Defendants have used in commerce the Accused Marks and other challenged designations in connection with the offering, advertising, and rendering of bakery and café retail services.

56.     Defendants' use of the Accused Marks is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' services.

57.     By reason of the foregoing, Defendants have engaged in false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a).

58.     Defendants' infringement is willful.  Defendants had actual notice of Plaintiff's rights and the likelihood of confusion, yet continued the challenged use, refused to rebrand, and sought federal trademark registration for THE LITTLE CAKE BAKERY & CAFE (Serial No.

1    99561136).  Defendants also continued to promote offerings post-notice using overlapping

2    French-bakery positioning and butter-quality messaging.

3        59.    Defendants' conduct has caused, and unless restrained will continue to cause,

4    immediate and irreparable harm to Plaintiff's business, reputation, and goodwill, and has

5    damaged Plaintiff in an amount to be proven at trial.

6                          **SECOND CLAIM FOR RELIEF**

7    **California Statutory Trademark Infringement (Cal. Bus. & Prof. Code § 14245)**

8        60.    Plaintiff realleges and incorporates by reference each and every allegation contained

9    in all preceding paragraphs as though fully set forth herein.

10       61.    Plaintiff is the owner of the California Registrations identified above.

11       62.    Defendants have used in California a reproduction, copy, or colorable imitation of

12   Plaintiff's registered marks and/or confusingly similar designations in connection with bakery

13   and café services in a manner likely to cause confusion, mistake, or deception, and has caused

14   actual confusion.

15       63.    Defendants' infringement was willful and deliberate.  Defendants had actual notice

16   of Plaintiff's rights and the likelihood of confusion, yet refused to rebrand and continued to

17   promote their offerings post-notice using overlapping French-bakery positioning and

18   butter-quality messaging.

19       64.    Plaintiff is entitled to injunctive relief and all other relief available under California

20   law.

21                          **THIRD CLAIM FOR RELIEF**

22   **Common Law Trademark Infringement / Unfair Competition (California)**

23       65.    Plaintiff realleges and incorporates by reference each and every allegation contained

24   in all preceding paragraphs as though fully set forth herein.

25       66.    Plaintiff owns common law rights in the Little French Bakery Marks through

26   priority of use and the goodwill associated with those marks.

27       67.    Defendants' use of the Accused Marks and related "Little"-formative branding in

28   connection with bakery and café services is likely to cause confusion and constitutes common

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

law trademark infringement and unfair competition, including passing off and misrepresentations likely to deceive consumers into believing Defendants are affiliated with, sponsored by, or approved by Plaintiff.

68.    Unless restrained, Defendants will continue their infringing conduct, and Plaintiff will continue to suffer harm, including loss of control over its reputation and goodwill.

### FOURTH CLAIM FOR RELIEF

### Unfair Competition (Cal. Bus. & Prof. Code § 17200)

69.    Plaintiff realleges and incorporates by reference each and every allegation contained in all preceding paragraphs as though fully set forth herein.

70.    Defendants have engaged in unlawful, unfair, and/or fraudulent business acts and practices by, among other things, engaging in trademark infringement and unfair competition as alleged above, conduct that is likely to deceive members of the public and harm Plaintiff's goodwill.

71.    Plaintiff seeks injunctive relief and restitution acquired by Defendants by means of its unfair competition, to the extent available under California law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court render judgment in its favor and against Defendants as follows:

1.    That Defendants, and their officers, members, managers, agents, servants, employees, affiliates, attorneys, and all persons acting in concert with them, be preliminarily and permanently enjoined and restrained from using "The Little Cake," "The Little Cake Bakery & Café," and any other confusingly similar designation in connection with bakery services in a manner likely to cause confusion with Plaintiff and the Little French Bakery Marks;

2.    That Defendants be ordered to take reasonable steps to remove or modify confusing branding from websites, social media accounts, and online listings to the extent under Defendants' control, as well as from menus, advertising, packaging, and promotional materials;

3.      That Defendants be ordered to take reasonable corrective steps necessary to prevent consumer confusion, including removal or correction of confusing third-party listings to the extent under Defendants' control;

4.      That THE LITTLE CAKE LLC be required to take all steps necessary to expressly abandon and/or withdraw U.S. Trademark Application Serial Number 99561136 (and any successor application(s) for confusingly similar marks for bakery services);

5.      Restitution and/or disgorgement to the extent available and proven;

6.      Plaintiff's costs of suit, and attorneys' fees to the extent available under applicable law (including, in an exceptional case, under 15 U.S.C. § 1117);

7.      Pre- and post-judgment interest as allowed; and

8.      That Plaintiff be granted such other and further relief as the Court may deem just and proper.


Dated: January 27, 2026                    ADIBI IP GROUP, PC


                                           By:  */s/ Andrew C. Palmer*
                                                Andrew C. Palmer
                                                Attorneys for Plaintiff
                                                *LITTLE FRENCH BAKERY LLC*

1

## **DEMAND FOR JURY TRIAL**

2      Plaintiff hereby demands a jury trial as provided by Fed. R. Civ. P. 38 and L.R. 38-1.

3

4      Dated: January 27, 2026                    ADIBI IP GROUP, PC

5

6                                                By:  */s/ Andrew C. Palmer*
                                                      Andrew C. Palmer
7                                                     Attorneys for Plaintiff
                                                      *LITTLE FRENCH BAKERY LLC*
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF