Amanda Bruss, Esq. (CA Bar # 246249)
amanda@trestlelaw.com
Kristen G. Roberts, Esq. (CA Bar # 275552)
kristen@trestlelaw.com
Trestle Law, APC
3131 Camino Del Rio North #380
San Diego, CA 92108
(619) 289-8939
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LITTLE FRENCH BAKERY LLC, A CALIFORNIA LIMITED LIABILITY COMPANY,<br><br>       Plaintiff,<br><br>v.<br><br>THE LITTLE CAKE LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; MONICA L. GONCALVES, AN INDIVIDUAL; AND DOES 1-10,<br><br>       Defendants. | Case No.: 2:26-cv-00839-RGK-KS<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS, OR IN THE ALTERNATIVE TO REQUIRE JOINDER OF REQUIRED PARTY, PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(6), 12(B)(7), AND 19; MEMORANDUM OF POINTS AND AUTHORITIES** |

**TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on April 6, 2026, at 9:00 a.m. or as soon thereafter as the matter may be heard in Courtroom 850, 8th Floor, Edward R. Royal Federal Building and United States Courthouse, 255 East Temple Street, Los Angeles, California 90012-3332, Defendants THE LITTLE CAKE LLC and MONICA GONCALVES (collectively, "Defendants") will and hereby do move this Court for

an order: (1) requiring joinder of The Little French Bakery, LLC, a Wisconsin limited liability company ("Registrant"), as a required party under Rule 19(a), and if joinder is not feasible, dismissing the Complaint pursuant to Rule 12(b)(7) and Rule 19(b); (2) dismissing the Complaint pursuant to Rule 12(b)(6); and (3) dismissing all claims against Monica L. Goncalves pursuant to Rule 12(b)(6).

This Motion is made on the grounds that:

1. Plaintiff has failed to join a required party under Rule 19;

2. Plaintiff has failed to state a claim upon which relief may be granted; and

3. Plaintiff has failed to allege facts sufficient to state a claim against Defendant Monica Goncalves individually.

This Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Amanda L. Bruss and the exhibits attached thereto, all pleadings and papers on file in this action, and such further argument and evidence as may be presented at or before the hearing.

DATED: March 9, 2026

/s/ Amanda L. Bruss

Amanda Bruss, Esq. (246249)
Kristen G. Roberts, Esq. (275552)
Trestle Law, APC
3131 Camino Del Rio N. # 380
San Diego, CA 92108
(619) 289-8939
amanda@trestlelaw.com
kristen@trestlelaw.com

*Attorneys for Defendants*

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.     INTRODUCTION

Plaintiff Little French Bakery LLC asserts claims for trademark infringement and related causes of action arising from Defendants' alleged use of the name "The Little Cake." Plaintiff's claims suffer from three fundamental defects that require dismissal at the pleading stage.

First, Plaintiff seeks to enforce exclusive rights in a mark owned by another entity that has not been joined in this action. The federally registered trademark THE LITTLE FRENCH BAKERY, United States Registration No. 4,619,630, is owned by a separate, non-party entity, The Little French Bakery, LLC, a Wisconsin limited liability company ("Registrant").[1] Registrant's federal registration predates Plaintiff's alleged trademark rights by decades and has achieved incontestable status under 15 U.S.C. §1065,[2] which constitutes conclusive evidence of the validity of the mark, Registrant's ownership of the mark, and Registrant's exclusive right to use the mark in commerce for the registered services. *See Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.,* 469 U.S. 189, 196 (1985). Because Plaintiff's claims necessarily implicate the scope and enforceability of Registrant's trademark rights, Registrant is a required party under Federal Rule of Civil Procedure 19.

Second, Plaintiff fails to state a claim under Rule 12(b)(6). The Complaint does not plausibly allege an enforceable ownership interest in the asserted mark, cannot establish priority over the federal registrant, and seeks relief inconsistent

---

[1] *See* **Exhibit A** to Declaration of Amanda Bruss ("Bruss Decl.") (filed concurrently). The Court may take judicial notice of USPTO trademark registration records because they are matters of public record whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b);  *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Marketquest Grp., Inc. v. BIC Corp.*, 862 F.3d 927, 932 n.1 (9th Cir. 2017).
[2] *See* Bruss Decl. **Exhibit B.**

---

MOTION TO DISMISS                                          2:26-CV-00839-RGK-KS

with Registrant's express authorization of Defendants' use. Registrant has executed a written Trademark Consent and Coexistence Agreement with Defendant The Little Cake LLC, in which Registrant acknowledged its ownership of the mark, consented to Defendants' use and registration of their mark, granted Defendants a license to use the term "Little," and expressly agreed that the parties' marks are not likely to cause confusion.[3] Courts give substantial weight to such consent agreements because they reflect the considered judgment of the parties most familiar with the marks and marketplace conditions. See *In re Four Seasons Hotels Ltd.,* 987 F.2d 1565, 1569 (Fed. Cir. 1993); *Bongrain Int'l (Am.) Corp. v. Delice de France, Inc.,* 811 F.2d 1479, 1484 (Fed. Cir. 1987).

Third, Plaintiff improperly names Defendant Monica Goncalves without alleging facts sufficient to impose individual liability.

For these reasons, the Complaint should be dismissed in its entirety.

## II.    LEGAL STANDARD

### A. Rule 12(b)(7) and Rule 19

Rule 12(b)(7) permits dismissal for failure to join a required party under Rule 19. Rule 19 requires a two-step analysis. First, the Court determines whether the absent party is required under Rule 19(a). A party is required if (1) complete relief cannot be accorded among existing parties in that party's absence; or (2) the absent party claims an interest relating to the subject of the action and proceeding without that party may impair its ability to protect that interest or expose existing parties to

---

[3] *See* Bruss Decl. **Exhibit C**. *See also In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Pracs., & Prods. Liab. Litig.,* 826 F. Supp. 2d 1180, 1197 (C.D. Cal. 2011) ("A court may consider extraneous evidence when deciding a Rule 12(b)(7) motion without converting it into a motion for summary judgment.").

1  inconsistent obligations. Fed. R. Civ. P. 19(a)(1)(A)–(B). A court will grant a
2  motion to dismiss under Rule 12(b)(7) only after determining: (1) the absent party
3  is required under Rule 19(a)(1); (2) joinder is not feasible; and (3) the party is
4  indispensable under the Rule 19(b) factors. *E.E.O.C. v. Peabody W. Coal Co.*, 610
5  F.3d 1070, 1078 (9th Cir. 2010).

6      Second, if a required party cannot be joined, the Court must determine under
7  Rule 19(b) whether "in equity and good conscience" the action should proceed or
8  be dismissed. Courts routinely dismiss actions under Rule 12(b)(7) where the
9  absent party holds legally protected interests that will be affected by the litigation.
10 See, e.g. *Dawavendewa v. Salt River Project Agric. Improvement & Power Dist.*,
11 276 F.3d 1150, 1155 (9th Cir. 2002).

12      **B. Rule 12(b)(6)**

13      Under Rule 12(b)(6), a complaint must plead sufficient facts to state a claim
14 that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a
15 claim for trademark infringement under section 32 of the Lanham Act or an unfair
16 competition claim under section 43(a) of the Lanham Act, a plaintiff must plausibly
17 allege both a protectable ownership of a valid interest in the mark and a likelihood
18 of confusion. *Brookfield Commc'ns, Inc. v. West Coast Entm't Corp.*, 174 F.3d
19 1036, 1046–47 (9th Cir. 1999). Pleading failures regarding these same core
20 requirements likewise defeat Plaintiff's California statutory trademark claim,
21 common law trademark and unfair competition claims, and UCL claim because
22 they are all premised on the same alleged trademark rights and alleged confusion.
23 *Cleary v. News Corp.*, 30 F.3d 1255, 1262–63 (9th Cir. 1994).

24
25
26
27
28

MOTION TO DISMISS                                    2:26-CV-00839-RGK-KS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## III.    ARGUMENT

### A. Registrant Is a Required Party Under Rule 19(a).

Plaintiff's claims against Ms. Goncalves and The Little Cake rise and fall on Plaintiff's allegation that "Plaintiff owns . . . the LITTLE FRENCH BAKERY name and related branding," which it purports to promote to consumers, "in California and elsewhere." Complaint ¶ 8. But Plaintiff does not, in fact, own, the LITTLE FRENCH BAKERY name. United States Trademark Registration No. 4,619,630 for THE LITTLE FRENCH BAKERY is owned by The Little French Bakery, LLC, an unrelated Wisconsin business which has operated under that name since 1999.[4] A party is required under Rule 19(a) when disposing of the action in its absence may impair or impede its ability to protect its legally protected interest, or expose existing parties to the risk of multiple or inconsistent obligations. *Dawavendewa v. Salt River Project Agric. Improvement & Power Dist.*, 276 F.3d 1150, 1154–55 (9th Cir. 2002). *See also Massa v. Jiffy Prods. Co*., 240 F.2d 702, 705 (9th Cir. 1957).

Even if Plaintiff purports to rely solely on alleged common-law rights arising from its own use of the mark beginning in 2021, adjudicating Plaintiff's claims would necessarily require the Court to determine the scope of the federally registered owner's rights and priority. Courts routinely hold that trademark owners are required parties where the litigation implicates the validity, scope, or enforceability of the registered mark, even when the plaintiff does not purport to sue on behalf of Registrant.

---

[4] *See* Declaration of Amanda Bruss ("Bruss Decl."), filed concurrently, Exhibit A.

As the owner of the federally registered mark at issue in this litigation, Registrant possesses a legally protected interest in the subject matter of this action. Both prongs of Rule 19(a) require joinder of the trademark owner.

**1. Registrant has a legally protected interest that will be impaired in its absence.**

Rule 19(a)(1)(B) requires joinder of any person who claims an interest relating to the subject of the action and whose absence may impair or impede that person's ability to protect that interest. Here, Plaintiff seeks to enforce alleged rights in the LITTLE FRENCH BAKERY mark and requests injunctive relief restricting Defendants' use of their branding. Any determination regarding the validity, scope, priority, or enforceability of that mark necessarily implicates Registrant's ownership rights.

Federal trademark registration constitutes prima facie evidence of the validity of the registered mark and the registrant's exclusive right to use it. 15 U.S.C. §1057(b). Registrant's registration has achieved incontestable status under 15 U.S.C. § 1065[5] and is therefore conclusive evidence of the validity of the mark, Registrant's ownership of the mark, and Registrant's exclusive right to use the mark in commerce, subject to the defenses set forth in 15 U.S.C. § 1115(b). *Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.*, 469 U.S. 189, 196–98 (1985)

Courts routinely hold that trademark owners are required parties where their ownership interests are directly implicated. See *N. Spirits Stillwater LLC v. Water to Wine LLC,* 2023 WL 2401518, at *7 (D. Minn. Mar. 8, 2023) ("Courts regularly hold that trademark owners are required parties under Rule 19.") (citing cases);

---

[5] *See* <u>Exhibit B</u> to Bruss Decl., Official USPTO Notice of Acceptance/Acknowledgement Sections 8 and 15: U.S. Trademark RN 4619630: THE LITTLE FRENCH BAKERY: Docket/Reference No. 11875001.

*Massa v. Jiffy Prods. Co.*, 240 F.2d 702, 705 (9th Cir. 1957) ("When as here the patent and trade mark issues are in suit and the registered owner failed to come in as a plaintiff, the court properly ordered him brought in as a defendant."); *May Apparel Grp., Inc. v. Ava Imp.-Exp., Inc.,* 902 F. Supp. 93, 96 (M.D.N.C. 1995). This principle aligns with Rule 19 and the Lanham Act's goal of preventing inconsistent determinations regarding trademark rights.

The Fifth Circuit's decision in *Lee v. Anthony Lawrence Collection, L.L.C.,* 398 F. App'x 519 (5th Cir. 2010) is instructive. There, a junior user of a trademark sued licensees who had been granted permission to use the mark by the senior trademark owner but failed to name the owner as a party. The court dismissed the action under Rule 12(b)(7), explaining that the trademark owner had a direct interest in the litigation and that adjudicating ownership and priority in the owner's absence would impair its ability to protect those interests.

Registrant's interests are further implicated because Registrant has entered into a written Trademark Consent and Coexistence Agreement with Defendant The Little Cake LLC. In that agreement, Registrant acknowledged its ownership of the federal registration, consented to Defendants' use and registration of their mark, granted Defendants a license to use "Little" as part of their mark, and agreed that the marks are not likely to cause confusion.

Proceeding without Registrant therefore risks impairing Registrant's contractual and trademark rights while exposing Defendants to inconsistent obligations.

### 2.  Complete relief cannot be accorded without Registrant.

Registrant is also required under Rule 19(a)(1)(A) because complete relief cannot be accorded without the trademark owner. Plaintiff seeks injunctive relief restricting Defendants' use of their mark.  Yet Registrant has already executed a

written agreement with Defendant The Little Cake LLC in which it expressly authorized Defendants' use and agreed that the marks are not confusing. Without Registrant before the Court, the Court cannot fashion relief that accounts for the senior trademark owner's rights and contractual authorization. Accordingly, Registrant is a required party under Rule 19(a).

**B. The court should require joinder of Registrant or dismiss the action.**

Because Registrant is a required party, Rule 19 requires the Court to determine whether joinder is feasible. If joinder is feasible, the Court should order that Registrant be joined as a party. If joinder is not feasible—for example, if the Court lacks personal jurisdiction over Registrant—Rule 19(b) requires the Court to determine whether the action may proceed in equity and good conscience.

Courts may consider evidence outside the pleadings when resolving a Rule 12(b)(7) motion without converting the motion into one for summary judgment. *McShan v. Sherrill*, 283 F.2d 462, 464 (9th Cir. 1960). The Court may therefore consider Registrant's Trademark Consent and Coexistence Agreement. In evaluating indispensability, the Court considers: (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed. Fed. R. Civ. P. 19(b). Each factor weighs strongly against proceeding without Registrant.

Proceeding without Registrant would prejudice both Registrant and Defendants because any ruling regarding likelihood of confusion or priority would directly affect Registrant's federally registered trademark rights and its coexistence agreement authorizing Defendants' use. The prejudice cannot be meaningfully mitigated because determining Plaintiff's claims necessarily requires evaluating

the scope of rights in the LITTLE FRENCH BAKERY mark. A judgment rendered without Registrant would also be inadequate because it would not resolve the underlying trademark dispute in a manner binding on the trademark owner. Finally, Plaintiff has an adequate remedy because it remains free to bring its claims in an action that includes Registrant. Accordingly, if joinder of Registrant is not feasible, the Complaint must be dismissed under Rule 12(b)(7).

### C. Plaintiff fails to state a claim against either Defendant under rule 12(b)(6).

Plaintiff asserts four causes of action: (1) False designation of origin and unfair competition under the Lanham Act, 15 U.S.C. §1125(a); (2) California statutory trademark infringement under Cal. Bus. & Prof. Code §14245; (3) Common law trademark infringement and unfair competition; and (4) Unfair competition under Cal. Bus. & Prof. Code §17200. Although styled as separate claims, each cause of action depends on the same core allegations: that Plaintiff possesses protectable rights in the "Little French Bakery" mark and that Defendants' use of "The Little Cake" branding is likely to cause consumer confusion. Because each claim relies on those same underlying allegations, the failure of Plaintiff to plausibly plead protectable trademark rights or likelihood of confusion defeats all four causes of action. See *Brookfield Commc'ns, Inc. v. West Coast Entm't Corp.*, 174 F.3d 1036, 1046–47 (9th Cir. 1999) (Lanham Act claim requires ownership of a valid mark and likelihood of confusion); *Cleary v. News Corp.,* 30 F.3d 1255, 1262–63 (9th Cir. 1994) (California trademark infringement and unfair competition claims are subject to the same analysis as federal trademark claims).

### 1. Plaintiff cannot plausibly allege protectable ownership or priority.

Trademark ownership is determined by priority of use in commerce. *Sengoku Works Ltd. v. RMC Int'l, Ltd.*, 96 F.3d 1217, 1219 (9th Cir. 1996).

---

MOTION TO DISMISS                                          2:26-CV-00839-RGK-KS

Plaintiff alleges it began operating under the Little French Bakery name in or about 2021 and developed goodwill in that name thereafter. Complaint ¶¶13 – 14. But the federally registered trademark THE LITTLE FRENCH BAKERY is owned by The Little French Bakery, LLC, a separate entity that has used the mark since at least 1999 and obtained federal registration in 2014, well before Plaintiff's alleged first use. That registration has achieved incontestable status under 15 U.S.C. §1065.

Plaintiff does not allege priority over the federal registrant. Instead, the Complaint asserts that Plaintiff began using the mark before Defendants began operating their bakery. Even accepting that allegation as true, it does not establish protectable trademark rights sufficient to support the claims asserted here. At most, the Complaint attempts to assert priority over Defendants alone. But Plaintiff's alleged 2021 use arose decades after the registrant's priority date and years after the federal registration issued. Plaintiff therefore cannot plausibly allege ownership of the mark itself or rights superior to those of the federal registrant.

Because the federal registrant holds superior rights in the mark, Plaintiff cannot plausibly assert exclusive control over the use of "Little French Bakery" or related branding in a manner that would prohibit conduct the senior trademark owner has authorized.

### 2. The senior trademark owner has authorized Defendants' use.

The Complaint also fails because it seeks relief that would directly conflict with the senior trademark owner's authorized licensing arrangement. Registrant has entered into a written Trademark Consent and Coexistence Agreement with Defendant The Little Cake LLC. In that agreement, Registrant acknowledged its ownership of the federal registration, granted Defendants permission to use their mark incorporating the term "Little", and expressly agreed that the parties' marks are not likely to cause confusion.

Courts give substantial weight to consent agreements between trademark owners and other users because they reflect the considered judgment of the parties most familiar with the marks and marketplace conditions.  *In re Four Seasons Hotels Ltd.,* 987 F.2d 1565, 1569 (Fed. Cir. 1993).  Here, the owner of the federally registered mark has expressly concluded that Defendants' use does not create a likelihood of confusion and has authorized that use through a negotiated coexistence agreement.  Plaintiff nevertheless seeks to enjoin Defendants' use of their mark.  Granting such relief would effectively prohibit conduct that the trademark owner has authorized and would impair Registrant's contractual and trademark rights.

**3.  The Complaint does not plausibly allege likelihood of confusion.**

Even apart from the registrant's authorization, the Complaint does not plausibly allege likelihood of confusion. Likelihood of confusion is evaluated under the *Sleekcraft* factors. *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348–49 (9th Cir. 1979). Although a plaintiff need not prove each factor at the pleading stage, it must allege facts supporting a plausible inference of confusion. Here, the Complaint largely relies solely on the presence of the word "Little" in both parties' branding, and alleged anecdotal and isolated incidents of consumer confusion.

The shared use of a common word such as "Little" in bakery branding does not, by itself, plausibly establish likelihood of confusion.

Moreover, the registrant's written consent agreement expressly states that the marks are not likely to cause confusion, reflecting the judgment of the trademark owner most familiar with the mark and its marketplace use.  Plaintiff's conclusory allegations therefore do not plausibly establish the likelihood of confusion required to state a claim under the Lanham Act or California law.

### 4.  The same defects defeat Plaintiff's state-law claims.

Plaintiff's remaining causes of action for California statutory trademark infringement, common law trademark infringement, and unfair competition under California Business and Professions Code §17200 are all based on the same alleged likelihood of confusion.[6]

California courts apply the same basic analysis to trademark infringement and unfair competition claims under state law as federal courts apply under the Lanham Act. *Cleary v. News Corp.*, 30 F.3d 1255, 1262–63 (9th Cir. 1994). Because Plaintiff fails to plausibly allege protectable ownership of the mark or a likelihood of confusion under federal trademark law, its state-law claims necessarily fail as well.

Additionally, each of Plaintiff's state-law claims seeks relief that would prohibit conduct expressly authorized by the senior trademark owner through a written consent and coexistence agreement.  For that independent reason, Plaintiff fails to state a claim under California law.

### 5.  Plaintiff's requested injunction is legally incompatible with the registrant's rights.

The relief requested in the Complaint underscores the legal deficiency of Plaintiff's claims. Plaintiff seeks an injunction prohibiting Defendants from using

---

[6] Plaintiff also relies on California Trademark Registration Nos. 02051162 and 02051163. Complaint ¶17. These state registrations cannot establish rights superior to those of the federal registrant. A state trademark registration does not confer priority over a senior federal registration and cannot be used to restrict conduct that the federal registrant has authorized. *See* 15 U.S.C. §1057(b) (federal registration constitutes prima facie evidence of registrant's exclusive right to use the mark in commerce); *Burger King of Fla., Inc. v. Hoots*, 403 F.2d 904, 908 (7th Cir. 1968) ("Congress intended the Lanham Act to afford nation-wide protection to federally-registered marks … once the certificate has issued, no person can acquire any additional rights superior to those obtained by the federal registrant"). The state-law claims therefore add nothing beyond the federal analysis and fail for the same reasons.

---

1  their "Little"-formative branding in connection with their bakery services.  But the

2  federally registered owner of the mark has already entered into a written agreement

3  authorizing Defendants' use and confirming that the parties' marks are not

4  confusing.  Granting the requested injunction would therefore prohibit conduct that

5  the senior trademark owner has expressly permitted. Because the requested relief

6  would directly conflict with the registrant's authorized licensing arrangement,

7  Plaintiff's claims fail as a matter of law.

8    **D. Plaintiff fails to state a claim against Monica Goncalves.**

9        The Complaint also fails to state a claim against Defendant Monica

10  Goncalves individually. Plaintiff alleges that Ms. Goncalves is associated with

11  Defendant The Little Cake LLC, but the Complaint contains no factual allegations

12  showing that she personally engaged in any infringing conduct. Individuals are not

13  liable for trademark infringement solely by virtue of their roles within a business

14  entity. Rather, individual liability requires that the defendant personally authorized,

15  directed, or participated in the alleged infringing conduct. *Transgo, Inc. v. Ajac*

16  *Transmission Parts Corp.,* 768 F.2d 1001, 1015 (9th Cir. 1985); *Adobe Sys. Inc. v.*

17  *Blue Source Grp., Inc*., 125 F. Supp. 3d 945, 963 (N.D. Cal. 2015).

18        Here, the Complaint contains only conclusory allegations regarding Ms.

19  Goncalves' role and does not allege any specific facts showing that she personally

20  directed, controlled, or participated in the alleged infringement. Paragraph 10 of

21  the Complaint alleges that Ms. Goncalves "personally participated in, directed,

22  controlled, authorized, and/or ratified" the challenged conduct, but this language

23  merely recites the legal standard for individual liability without adding any

24  supporting facts. The Complaint identifies no specific decision she made, no act

25  she personally took, no communication she directed, and no date on which she did

26  anything. Under *Iqbal* and *Twombly*, a court need not accept as true allegations that

27

28

merely recite legal elements without factual support. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"; "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Courts routinely reject claims against individual defendants where the complaint fails to allege specific facts demonstrating personal involvement in the alleged infringing conduct. *See Iqbal*, 556 U.S. at 678. Accordingly, the claims against Defendant Monica Goncalves should be dismissed pursuant to Rule 12(b)(6).

## IV.    CONCLUSION

Plaintiff's claims fail at the threshold. The Little French Bakery, LLC, a Wisconsin entity whose incontestable federal registration predates Plaintiff's alleged first use by more than two decades, is a required party whose absence alone warrants dismissal under Rules 12(b)(7) and 19. But even if joinder could be effected, the Complaint cannot survive on the merits: Plaintiff cannot plausibly allege ownership of a mark superior to an incontestable federal registrant, and Registrant has expressly authorized Defendants' use and confirmed there is no likelihood of confusion. Because these deficiencies are not curable by amendment, dismissal with prejudice is warranted on the 12(b)(6) grounds. Finally, the claims against Ms. Goncalves individually rest on nothing more than a verbatim recitation of the legal standard, which *Iqbal* and *Twombly* squarely prohibit.

For the foregoing reasons, Defendants respectfully request that the Court dismiss the Complaint in its entirety, with prejudice on the merits under Rule 12(b)(6) or without prejudice to allow joinder under Rule 19(a) and dismiss all claims against Monica L. Goncalves with prejudice.

Respectfully Submitted.

DATED: March 9, 2026              TRESTLE LAW, APC

                                  By: */s/ Amanda L. Bruss*
                                  Amanda L. Bruss, Esq.
                                  Kristen Roberts, Esq.
                                  Trestle Law, APC
                                  3131 Camino Del Rio North #380
                                  San Diego, CA 92108
                                  (619) 289-8939
                                  amanda@trestlelaw.com
                                  kristen@trestlelaw.com
                                  *Attorneys for Defendants*
                                  *The Little Cake LLC and Monica L.*
                                  *Goncalves*


## PROOF OF SERVICE

I hereby certify that on March 9, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                        */s/ Amanda L. Bruss*
                        Amanda L. Bruss